# EXHIBIT A

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 15 2015

Stephan Harris, Clerk
Cheyenne

4:30

Kathleen M. Karpan (Wyo.Bar No. 5-2121)
Margaret M. White (Wyo. Bar. No. 5-2065)
Karpan and White P.C.
1107 West Sixth Avenue
Cheyenne, WY 82001
(307) 637-0143

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,<br><br>Plaintiff/Petitioner,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>Defendant/Respondent. | )<br>)<br>)<br>)<br>)  Docket No. 15 CV 08 -J<br>)<br>)<br>)<br>)<br>) |

### PETITION TO ENFORCE BACK PAY PROVISION IN
### NATIONAL RAILROAD ADJUSTMENT BOARD ORDERS

Plaintiff/Petitioner Brotherhood of Locomotive Engineers and Trainmen (hereinafter "BLET"), by and through their counsel, Karpan and White P.C., and for its Complaint/Petition against Defendant/Respondent, Burlington Northern Santa Fe Railway Company (hereinafter "BNSF") alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff BLET is an unincorporated association with members who reside and are employed in the State of Wyoming, as well as other states. BLET has entered into a Collective Bargaining Agreement with Defendant BNSF.

2. BNSF is a corporation which is organized under the laws of Delaware and is qualified to do business in Wyoming. The U.S. District Court for the State of Wyoming is a district through which the BNSF operates as a railway carrier, as well as operating as a railway carrier in other states.

3. This Court has original jurisdiction of this matter as a federal question, U.S.C. §1331, specifically pursuant to the Railway Labor Act (hereinafter "RLA"), 45 U.S.C. § 151, *et seq*. This Petition is brought pursuant 45 U.S.C. §153 First (p) which makes this Petition a civil action arising under a law of the United States. This statutory provision states that when a carrier such as BNSF does not comply with an order of an award of a division of the National Railroad Adjustment Board (hereinafter "NRAB") within the time limit in such order, a petitioner, or any person for whose benefit the order was made, may file a petition in U.S. district court which sets forth briefly the causes for which he claims relief and which includes the Order of a division of the NRAB.

4. Venue in this Court is authorized in 45 U.S.C. § 153 First (p) which says the petitioner, or any person for whose benefit the order was made, may file the petition "in the District Court of the United States for the district in which he resides, or in which is located the principal operating office of the carrier, or through which the carrier operates."

## STATEMENT OF CLAIM/PETITION
## ENFORCEMENT OF BACK PAY PROVISION IN AWARD
## BY THE FIRST DIVISION OF THE NRAB

5. Petitioner re-alleges and reincorporates by reference each and every allegation contained in ¶1-4 of this Petition.

6. Petitioner asks the Court to enforce the back pay provision in Award No. 28142 and Award No. 28141. The awards, which the First Division of the NRAB issued on November 25, 2014, relate to two separate disciplinary actions involving A.W. Smith, (hereinafter, "Mr. Smith"), an engineer who is a member of BLET and was employed by BNSF in Illinois. The claim in Award No. 28142 arose when BNSF sent Petitioner Smith a notice dated June 6, 2011 alleging he violated a rule on June 2, 2011. BNSF did not conduct the Investigation (a hearing) on this allegation until May 22, 2012. BNSF then terminated him effective June 6, 2012. In the meantime, BNSF had sent Mr. Smith a notice dated March 15, 2012 alleging a second rule violation which occurred on March 13, 2012. BNSF conducted an Investigation on the second violation on November 7, 2012 and issued another notice of termination on November 26, 2012.

7. The First Division of the NRAB issued two awards on November 25, 2014, and they are necessarily included in one Petition because the parties were the same (BLET and BNSF) in both proceedings; the employee (Mr. Smith) was the same; and the Board ordered the same remedies, to wit: (1) it sustained BLET's claims requesting Mr. Smith receive "pay for all time lost without deduction of outside earnings;"

and (2) it sustained BLET's claims requesting Mr. Smith's reinstatement, however, the Board placed conditions on the reinstatement, saying as follows in both awards:

> Consequently the Board orders that prior to returning the Claimant to service, the Carrier has the right to test and retrain the Claimant with respect to his abilities as a Locomotive Engineer, as well as to evaluate his fitness to operate in that capacity. Only after those tests are completed to the satisfaction of the Carrier must the Claimant be returned to service.

Both include the same statements on the Board awards:

### AWARD

Claim sustained in accordance with the Findings.

Both awards also include the same statements on the Board's orders:

### ORDER

> This Board, after consideration of the dispute identified above, hereby orders that an award favorable to the Claimant(s) be made. The Carrier is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties.

Award No. 28142 is attached as Exhibit 1 to this Petition, and Award No. 28141 is attached as Exhibit 2.

8. The claim in Award No. 28142 arose out of a BNSF notice dated June 6, 2011 directing Mr. Smith to report for an Investigation on the charge that on June 2, 2011 he allegedly passed a signal displaying a stop indication by about 90 feet. After three postponements, BNSF conducted the Investigation nearly a year later, on May 22, 2012 where Mr. Smith participated. BNSF in a letter dated June

6, 2012 notified Mr. Smith that as a result of the Investigation, he had been found guilty as charged and was being dismissed effective immediately.

9. BLET then perfected a proceeding before the NRAB for final and binding arbitration of BNSF's termination of Mr. Smith. BLET's Statement of Claim in Award No. 28142 said as follows:

> It is hereby requested that Engineer A.W. Smith's discipline be reversed with seniority unimpaired. Requesting pay for all time lost, **without deduction of outside earnings,** including the day(s) for investigation, with restoration of full benefits and that the notation dismissal be removed from his personal record, resulting from investigation held on May 22, 2012. (emphasis added)

10. Award No. 28142 includes the Board's characterization of the parties' contentions. The Award says BNSF contended the Board should deny the claim "in its entirety" because (1) substantial evidence, including Mr. Smith's admissions, established he was guilty as charged; (2) his admission of guilt didn't absolve him from culpability; (3) his Agreement rights weren't compromised when there was confusion about the location of the Hearing that resulted in a postponement; and (4) the discipline imposed was consistent with the Carrier's Policy for Employee Performance Accountability. BNSF additionally contended that the parties' Agreement contemplated deduction of outside earnings from any award of pay for time lost.

11. The award says BLET contended the Board should sustain the claim "in its entirety, without deduction for outside earnings," because (1) BNSF failed to provide Mr. Smith with a fair and impartial Hearing, (2) BNSF's conducting officer and

representatives failed to appear at the Hearing scheduled in March 2012, (3) there was no mutual agreement to postpone the March 2012 Hearing and (4) the discipline imposed was excessive and unduly harsh.

12. In its discussion on the parties' contentions, the Board says in Award No. 28142 that BNSF on June 6, 2011 issued the charges against Mr. Smith, and the Investigation was postponed and rescheduled for March 22, 2012. The award says BNSF's representatives didn't appear for the Investigation on the scheduled date, so Mr. Smith, his fellow crew members, and their representatives, who had appeared on the scheduled date, then left. The Award also says BNSF didn't get any additional extensions from BLET, and the Hearing originally scheduled for March 22, 2012 was later scheduled on May 18, 2012 as a "make up" Investigation to be held on May 22, 2012. The Award says, "[s]tated differently, there was no mutual agreement between the Carrier and Organization to reschedule the hearing for May 22, 2012."

13. The Board rejected BNSF's argument that the parties had agreed to continue the hearing until May 2012 because the parties had agreed on previous continuances of the Investigation, saying:

> The parties' Agreement guarantees a prompt Hearing for all disciplinary cases. Hearing dates are often extended by agreement of the parties. In this case, however, the Conducting Officer and other Carrier officers failed to report for the Hearing in accordance with the agreed-upon extension from the Organization. Consequently, the Hearing that ultimately took place was not held in a timely fashion in compliance with

     the parties' Agreement. As a result, the Board has no
     choice other than to sustain the claim.

14. Award No. 28142 notes that a companion case also involved Mr. Smith being dismissed for passing a signal displaying a stop indication a second time.

15. The companion case, Award No. 28141, contains the same "Statement of Claim" as in Award No. 28142, requesting "pay for all time lost, without deduction of outside earnings," but requests notation of dismissal be removed from the investigation on November 7, 2012. The award says BNSF by a notice dated March 15, 2012 directed Mr. Smith to report for a formal Investigation on charges that on March 13, 2012 he allegedly passed a signal displaying a stop indication. After two postponements, BNSF conducted the Investigation on November 7, 2012, although Mr. Smith (who at this point had been terminated) did not receive notice and was not present. The Award says BNSF by letter dated November 26, 2012 notified Mr. Smith that as a result of the Investigation, he had been found guilty as charged and was dismissed.

16. After both awards were issued on November 25, 2014, BLET wrote a letter to BNSF dated December 10, 2014 regarding the award of back pay. The letter is Exhibit 3 to this Petition. The BLET letter said Awards No. 28141 and No. 28142 had reinstated Mr. Smith [on the conditions set out in the Awards] and sustained the claim for back pay for all time, lost without offset for outside earnings. The BLET cited the recent decision of the Tenth Circuit of the U.S. Court of Appeals in *Brotherhood of Locomotive Engineers and Trainmen, John W. Hylan v. BNSF Railway*

*Company*, 120913 FED10, No. 13-8025, (December 9, 2013), 549 F. App'x 780 (2013) and concluded, "we again expect payment to Engineer A.W. Smith for all time lost without offset for outside earnings in the case at hand." The Tenth Circuit decision is Exhibit 4 to this Petition.

17. BNSF replied on December 22, 2014 saying, in part, "[t]he Claimant must first complete all return to work requirements to the satisfaction of the Carrier. Additionally, before we even begin to consider the subject of back pay, the Claimant must be able to prove that he was medically eligible during the period in question." The BNSF letter is Exhibit 5 to this Petition.

18. BNSF issued two other letters on December 22, 2014. BNSF wrote the NRAB regarding the remedy portions of the two awards, noting that Peter Meyers sat as Referee in both cases. The letter, which is Exhibit 6 to this Petition, says, in part:

> Specifically, the Organization is representing that (1) BNSF is improper in its practice of offsetting monies awarded with outside earnings (despite prior practice and on-property arbitral support and (2) Referee Meyers' clear intent in that Award was to preclude any outside earnings offset and (3) Referee Meyers' clear intent that Claimant would be required to prove he was medically able to work for the time period in question.
>
> The Carrier requests an Interpretation to both Awards 28142 and 28141 for the Referee to clarify whether the Award states any position on offset, and the proper remedy to be applied therein.

The BNSF request for a Board interpretation on the offset issue tries to revive arguments it had already raised and lost in its submissions to the Board.

19. The second letter BNSF wrote on December 22, 2014 was addressed to Mr. Smith. The letter is Exhibit 7 to this Petition. The letter begins with, "[t]his is a reinstatement with seniority and benefits restored and with pay for time lost based on Awards 28141 and 28142 of the NRAB 1st Division. Pay for time lost will be offset by outside earnings, monies due RRB and/or employee paid Health & Welfare premiums." The letter went on to say BNSF was beginning the reinstatement process, and it gave instructions on how Mr. Smith would have to comply with the conditions for reinstatement.

20. This Petition relates only to the back pay provision which appears in each award. In both proceedings before the Board, the parties contended each claim should be sustained or denied "in its entirety." The Board awards sustained BLET claims in entirety and said, "[the Carrier] is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties." BLET is not asking the Court to enforce the reinstatement provision because the reinstatement process is still underway, but it is asking the Court to enforce the back pay provision, without any deduction for outside earnings, because the Board placed no preconditions on the award of back pay.

21. Petitioner further asks the Court to order BNSF to comply immediately with the Board orders. The Board issued the orders on November 25, 2014 to be made effective on or before 30 days following the postmark date the awards were transmitted to the parties. BNSF has still not complied with the award of back

pay. Moreover, it insists it won't even consider giving Mr. Smith his back pay until he has demonstrated he was medically eligible during the period in question. The BNSF correspondence is written as if it had not lost both cases before the Board. Its letter to Mr. Smith on December 22, 2014 (Exhibit 7) says that he will get back pay, but it will be offset by outside earnings while he was terminated. But, on the same day, its letter to BLET (Exhibit 5) on the offset issue said, "[t]he Claimant must first complete all return to work requirements to the satisfaction of the Carrier. Additionally, before we even begin to consider the subject of back pay, the Claimant must be able to prove he was medically eligible during the period in question." The awards sustained BLET's claims for back pay *without offset and without any other conditions*. BNSF has no justification to apply an offset or to impose any conditions on the back pay award. The only conditions in the awards, as quoted above, apply to Mr. Smith's reinstatement.

22. The Collective Bargaining Agreement between BLET and BNSF doesn't contain any provision on an offset against a NRAB award of back pay. (See Exhibit 4 to this Petition, *Brotherhood of Locomotive Engineers and Trainmen, John W. Hylan v. BNSF Railway Company*, 120913 FED10, No. 13-8025, at page 9 (December 9, 2013, 549 F. App'x 780)). Thus neither the Board awards nor the Collective Bargaining Agreement justify BNSF's refusing to pay Mr. Smith back pay, without a reduction for outside earnings nor do they justify BNSF asking the Board for interpretation on an issue it has already submitted and argued to the Board. The parties in Award No.

28142 and No. 28141 agreed, for the sake of brevity, that each would provide one supplemental submission to the Board on the offset issue. The BLET submission on the offset issue is Exhibit 8 to this Petition, and the BNSF submission is Exhibit 9. Thus, when the Board made its decisions in Award No. 28142 and No. 28141, it had before it the parties' written submissions on the offset issue.

23. It is well settled law that if a Board order is ambiguous, the Court should remand for a Board interpretation. However, as in the case of *Denver & Rio Grande Western Railroad Co. v. Blackett*, 538 F.2d 291, 294 (10th Cir. 1976) even if an award was terse and merely stated "claim sustained," it was unambiguous and enforceable because it was "positive in its form" and "its effect was unmistakable."

24. The RLA at 45 U.S.C.§ 153 First (p) provides that if the petitioner seeking enforcement of a Board order shall finally prevail, he shall be allowed a reasonable attorney's fee, to be taxed and collected as part of the costs of the suit. This statutory provision also specifies that a NRAB order may not be set aside, except for failure of the division to comply with the requirement of Chapter 8 of the RLA, for failure to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

WHEREFORE, Petitioner prays that this Court to enter an Order granting the following relief:

    a. Order BNSF to give Mr. Smith his back pay without any reduction for

      Mr. Smith's outside earnings while he was terminated, as ordered

      by the NRAB;

  b. Grant Plaintiff/Petitioner's attorney's fees and costs; and

  c. Grant any further relief which may be equitable and just.

DATED THIS __15th__ day of January, 2015.

_____
Kathleen M. Karpan 5-2121
Karpan and White P.C.
1107 West 6th Avenue
Cheyenne, WY 82001
(307) 637-0143